**FILED**
**OCTOBER 31, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| FREDERICK L. COLVIN, | ) | |
| | ) | No. 36256-6-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | UNPUBLISHED OPINION |
| STACY KULM, KASEY NOLAN, | ) | |
| TANNER MINK, ERIK BURT, JANE | ) | |
| DOE, JOHN DOE, | ) | |
| | ) | |
| Respondents. | ) | |

FEARING, J. — Appellant Frederick Colvin appeals a summary judgment dismissal of his complaint. He contends that, when dismissing his suit, the trial court failed to notice that he pled a cause of action for negligence. Thus, dismissal of his civil rights cause of action did not end the suit. We disagree because, in response to the defense's summary judgment motion and motion for reconsideration, Colvin never suggested he sought recovery in negligence. To the contrary, he declared that he did not sue in negligence.

FACTS

This appeal brings new meaning to the phrase: "a case of mistaken identity." On July 16, 2013, the Washington State Department of Corrections (DOC) placed appellant Frederick Colvin in the Washington State Penitentiary after he received an eighty-month sentence for an assault. When an offender enters the custody of DOC, the department assigns the offender a DOC number used for identification inside the correction system.

In December 2013, while serving his prison sentence, Frederick Colvin discovered that DOC inmate banking took $11 per month for a debt Colvin did not owe. After an investigation, DOC learned that it assigned Colvin an identification number already assigned to another offender. The mistake occurred because remarkably a previous inmate shared the same name, ethnicity, height, weight, and date of birth as Colvin. Appellant Frederick L. (Londale) Colvin, born January 13, 1968, and Frederick L. (Lamont) Colvin, also born January 13, 1968, were two distinct individuals inside the penal system. On April 24, 2014, DOC assigned a new DOC number for Frederick Londale Colvin.

For the safety and security of inmates and DOC employees, DOC punishes an inmate for possessing property found in his or her possession that does not bear his or her inmate number. For that reason, DOC removed Frederick Londale Colvin's JPay4 tablet player from Colvin's possession and sent it to the manufacturer for reprogramming with Colvin's new correct DOC inmate number. As a result, Colvin temporarily lost access to

2

his tablet. His new DOC account was credited for the cost of the JPay4 player and all music he previously purchased.

For Luddites, a JPay4 player is a tablet that allows an inmate to download songs and listen to the songs at his or her leisure. The inmate can also play games on the player and listen to FM radio. The tablet connects to a limited e-mail account, an eBooks store, a downloadable movie section, and the inmates' prison commissary account. Each JPay4 tablet is programmed with the individual inmate's DOC identification number so that one prisoner does not steal another offender's player.

In this suit, Frederick Colvin alleges additional consequences resulting from his assignment of the other Colvin's DOC number. Colvin claims that DOC delayed his dental care one week and delayed an early release hearing due to the identification number mistake. Colvin contends that DOC delayed his mail and interfered in his work classification and release date. DOC denies these allegations.

PROCEDURE

Frederick Colvin filed a complaint against DOC and four DOC employees. Colvin captioned his complaint: "Complaint for Civil Rights Violations & Negligence." Clerk's Papers (CP) at 3-13 (some capitalization omitted). The singular heading in boldface "**42 USC § 1983**" lies under the "Claims and Causes of Action" section of the complaint. CP at 10 (some capitalization omitted). The claims and causes of action section of the complaint does not contain the word "negligence." Paragraph 4.4 in the

causes of action section reads, however:

> 4.4 Fro[m] 7/6/13 through present, Defendants acting as principals or, by and through their agents did knowingly and willfully violate Plaintiff's civil rights under the Washington State Constitution Article 1 § 3, [7,] 10[, 14] and United States [Fourth,] Fifth and Fourteenth Amendments by *neglecting* to timely and properly reassign Plaintiff a correct DOC inmate number.

CP at 11 (emphasis added); *see also* CP at 11, section 4.5. Other than in the complaint caption and the footer of each page, Colvin inserted the word "negligence" one other time in the "damages" section. In the first paragraph of the damages section, Colvin pled:

> Plaintiff has sustained damages proximately caused by Defendants' *negligence* in causing and failing to promptly correct the assignment of the wrong DOC number to Plaintiff, and/or its deliberate indifference to failing to timely correct the error in his DOC-assigned offender number . . . .

CP at 12 (emphasis added).

All defendants moved for summary judgment requesting dismissal on the following grounds: (1) Frederick Colvin's 42 U.S.C. § 1983 claim of "violation of constitutional civil rights" under state law is not a cognizable claim, (2) a 42 U.S.C. § 1983 claim based on alleged negligence of state employees cannot stand especially when the claimant possesses a post-deprivation remedy, (3) the individual defendants are entitled to qualified immunity, (4) individual defendants lacked personal involvement in the conduct about which Colvin complained, and (5) Colvin's claim is time-barred. The defendants' motion for summary judgment requested dismissal of Colvin's "claims." CP at 66.

In response to the defense's summary judgment motion, Frederick Colvin argued that he presented sufficient evidence, to defeat summary judgment, of a loss of liberty interests resulting from DOC's failure to timely correct the wrong assignment of a DOC number to him. Those interests protected under the federal constitution included receipt of mail, timely medical care, and privileges such as work classification and release dates. More importantly, in response to the summary judgment motion, Colvin conceded that evidence of negligence, without a showing of deliberate indifference by DOC staff, would not sustain a suit under 42 U.S.C. § 1983.

Following oral argument, the trial court granted the defense's motion for summary judgment in part and denied it in part. The court dismissed all claims against individual defendants. The court dismissed the claims against DOC for alleged mail delay and property deprivations. The court denied the motion as to delay in dental treatment and in an early release hearing. The written ruling left the DOC as the only remaining defendant.

DOC moved for reconsideration of the two remaining claims for trial: alleged delays in dental treatment and early release hearings. DOC argued that Frederick Colvin's remaining two claims should be dismissed because, under a 42 U.S.C. § 1983 claim, a state agency such as DOC is not a "person" subject to suit. CP at 135. In response, Frederick Colvin asserted no argument that DOC had mischaracterized his action or that he had pled a cause of action for negligence. Colvin instead emphasized

that state actors acted with deliberate indifference. In its reply supporting its motion for reconsideration, DOC wrote:

> Plaintiff through counsel in the current matter before this Court has made abundantly clear that *he is not bringing this action as one under a negligence theory*, but explicitly as a civil rights suit under 42 U.S.C. § 1983. Thus, there is no need for this Court to consider analysis under RCW 4.92.090 [state waiver of immunity] as it is not applicable to this matter *where no tortious theory has been pled*, and where no analogy between the conduct complained of and any conduct of a private individual would be actionable.

CP at 146 (emphasis added) (footnote omitted). Colvin did not later dispute these assertions by DOC.

The trial court accepted Frederick Colvin's assertion that constitutional torts formed his two remaining claims. The court observed the rule that a state agency is not a "person" for purposes of liability under 42 U.S.C. § 1983. On that basis, the trial court dismissed, on summary judgment, Colvin's two remaining claims. The summary judgment order read: "the above action is hereby dismissed." CP at 152.

## LAW AND ANALYSIS

On appeal, Frederick Colvin contends that he pled a cause of action in negligence and the trial court committed error by dismissing the cause of action on summary judgment. Colvin does not appeal dismissal of his civil rights claim.

Frederick Colvin highlights that Civil Rule 8 affords a liberal reading of pleadings. He emphasizes that the caption of the complaint and the first paragraph under the

6

damages section of this complaint employed the word "negligence" and paragraph 4.4 of his complaint inserted the word "neglect." We question whether Colvin adequately pled a state cause of action for negligence when the words of "negligence" and "neglect" fall in the context of his civil rights cause of action. Nevertheless, we do not base our ruling on any failure to plead negligence in the complaint.

When DOC and its employees moved for summary judgment and asked for dismissal of Colvin's claims, Frederick Colvin never contended that he had asserted a state law claim in negligence. In response to the summary judgment motion, Colvin stated that he agreed that he needed to show deliberate indifference to recover. Assuming he limited this concession to only a civil rights theory, he never expressly stated such. More importantly, when the trial court entered a summary judgment order that dismissed the action, Colvin never protested that his negligence claim remained pending. Colvin filed his notice of appeal within thirty days of the summary judgment order of dismissal. If Colvin had an unadjudicated claim pending in the trial court, he had no right to appeal. RAP 2.2(1); CR 54(b).

RAP 2.5(a) formalizes a fundamental principle of appellate review. The first sentence of the rule reads:

> **Errors Raised for First Time on Review.** The appellate court may refuse to review any claim of error which was not raised in the trial court.

A familiar procedural principle declares that a right of any sort may be forfeited by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it. *United States v. Olano*, 507 U.S. 725, 731, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993).

Good sense lies behind the requirement that arguments be first asserted before the trial court. The prerequisite affords the trial court an opportunity to rule correctly on a matter before it can be presented on appeal. *State v. Strine*, 176 Wn.2d 742, 749, 293 P.3d 1177 (2013). The rule requiring a position to be asserted before the trial court serves the goal of judicial economy by enabling trial courts to correct mistakes and thereby obviate the needless expense of appellate review, facilitating appellate review by ensuring that a complete record of the issues will be available, and preventing adversarial unfairness by ensuring that the prevailing party is not deprived of victory by claimed errors that he had no opportunity to address. *State v. Strine*, 176 Wn.2d 742, 749-50 (2013); *State v. Scott*, 110 Wn.2d 682, 688, 757 P.2d 492 (1988).

Because Frederick Colvin never argued before the trial court that he pled and sought recovery in negligence, we decline to address whether facts support such a claim. We even decline to decide whether he properly pled the cause of action.

No. 36256-6-III
*Colvin v. Dep't of Corr.*

CONCLUSION

Frederick Colvin either did not assert a cause of action in negligence before the trial court or he failed to sufficiently inform the trial court that he pled the cause of action. We affirm the trial court's summary dismissal of Colvin's entire complaint.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____          _____
Lawrence-Berrey, C.J.                     Pennell, J.

9